IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00598-WJM-STV

SIRRLOVE R. WILLIAMS,

    Plaintiff,

v.

FIRMAN, Sherriff [sic]
MS. OMAILY, Safty [sic] Director
DR. GAFORD, and
CAROLE RODGER,

    Defendants.
_____

**ORDER**
_____
Magistrate Judge Scott T. Varholak

    This matter comes before the Court on the Motion for More Definite Statement ("Defendants' Motion") [#85], filed by Defendants Patrick Firmin and Stephanie O'Malley, and on the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 ("Plaintiff's Motion") [#84], filed by Plaintiff. Defendants' Motion and Plaintiff's Motion both were referred to this Court. [#86, 87] This Court has carefully considered the motions and related briefing, the case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the motions. For the following reasons, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

    On March 6, 2017, Plaintiff submitted pro se handwritten filings to the Court. [#1] Because Plaintiff did not utilize the Court-approved Prisoner Complaint form or address

the filing fee, Magistrate Judge Gordon P. Gallagher entered an Order Directing Plaintiff to Cure Deficiencies. [#3] Plaintiff then filed an Amended Prisoner Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. [#6, 7] On March 28, 2017, Magistrate Judge Gallagher issued an Order to Show Cause why Plaintiff should not be denied leave to proceed in forma pauperis, because he is subject to the filing restriction contained in 28 U.S.C. § 1915(g).[1] On May 10, 2017, Plaintiff filed a Second Amended Prisoner Complaint and a revised Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. [#36, 37]

Plaintiff's Second Amended Prisoner Complaint set forth claims for relief arising from what he characterized as a campaign of retaliation and harassment resulting from a settlement agreement he entered into after a 2008 lawsuit against Denver County Jail defendants, *Williams v. Diggins*, No. 08-cv-00667-MSK-KLM (D. Colo. Mar. 24, 2008). [#36] The Second Amended Prisoner Complaint asserted six claims:

> 1) supervisory liability against Defendant Sheriff Firman with regard to allegedly ongoing mistreatment of Plaintiff by Jail officers beginning in January 2016 (ECF No. 36 at 6-9); 2) supervisory liability against Defendant Ms. OMaily with regard to allegedly ongoing mistreatment of Plaintiff, including withholding medical treatment, in violation of the settlement agreement, starting in 2016 (*id.* at 10-11); 3) supervisory liability against Defendant Chief Mentz arising from an alleged attack against Plaintiff by Aurora police officers in December 2015 (*id.* at 12); 4) supervisory liability against Defendant Chief White arising from the arrest of Plaintiff by Officer Manzanerez in December 2015 (*id.* at 13-14); 5) supervisory liability against Defendant Dr. Gaford due to withholding

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

medical treatment and prescribing incorrect medication in violation of the settlement agreement, which allegedly has resulted in "stress related seizures" (*id.* at 15); and 6) supervisory liability against Defendant Carole Rodgers due to unidentified Jail staff withholding medical treatment and prescribing incorrect medication as retaliation for the 2008 lawsuit (*id.* at 16).

[#49 at 2-3] Each of the six claims were separately identified, with supporting facts for each claim. [#36 at 6-16] On July 25, 2017, United States District Court Judge Lewis T. Babcock issued an Order dismissing Plaintiff's third, fourth, fifth and sixth claims for relief without prejudice because they did not satisfy the imminent danger exception set forth in 28 U.S.C. § 1915(g) and Plaintiff had not paid the filing fee to pursue those claims. [#49 at 4] Plaintiff's first and second claims for relief against Defendants Firmin and O'Malley were permitted to proceed. [*Id.* at 5]

On September 20, 2017, Plaintiff filed a Motion to Amend and Add Claim of Continual Criminal Enterprise. [#68] On October 2, 2017, at a status conference on this matter, this Court granted that Motion to Amend. [#75] On October 18, 2017, Plaintiff filed Plaintiff's Motion and his Third Amended Prisoner Complaint. [#84, 88]

On October 20, 2017, Defendants Firmin and O'Malley filed Defendants' Motion. [#85] In it, Defendants maintain that they "cannot possibly respond to [the Third Amended Complaint's] expansive, ill-defined allegations." [*Id.* at 4] On November 3, 2017, Plaintiff filed his Objection to Request for More Definite Statement. [#91]

II.  ANALYSIS

Plaintiff is proceeding *pro se*, and as such his pleadings must "be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, at 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404

3

U.S. 519, 520-21 (1972)).  The court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion pursuant to Fed. R. Civ. P. 12(e) is generally disfavored by the Court." *Shankar v. Wells Fargo Bank NA*, No. 14-cv-02000-CMA-KLM, 2015 WL 870797, at *1 (D. Colo. Feb. 26, 2015).  As such, Rule 12(e) motions are "rarely granted unless the complaint is 'so excessively vague and ambiguous as to be unintelligible' or defendant would be prejudiced in its attempt to answer it." *Id.* (quoting *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testing, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002)).

Nonetheless, Rule 12(e) motions may be granted where a complaint's structure and form make it difficult or impossible for a defendant to "ascertain the exact claims pleaded and their nature and scope."  *Green v. Potter*, No. 10-cv-02201-LTB-KMT, 2011 WL 2693523, at *5 (D. Colo. July 12, 2011).  This is just such a case.  The Third Amended Prisoner Complaint is 39 pages long, with an additional 45 pages of exhibits. [#88]  It references possible causes of action for harassment, retaliation, assault and battery, cruel and unusual punishment, breach of contract, torture, continuing criminal enterprise, due process violations, violation of the Americans with Disabilities Act, violation of the Health Insurance Portability and Accountability Act, equal protection violations, discrimination, negligence, deliberate indifference, intentional infliction of emotional distress, violation of Plaintiff's freedom of religion, conspiracy, RICO violations, double jeopardy violations, mail tampering, racial profiling, slander, and

4

violations of the attorney-client privilege.  [#88 at 8]  Rather than assert each cause of action separately—with supporting factual allegations—as required, the Third Amended Prisoner Complaint appears to assert four "claims"—one against each named Defendant—with each claim consisting of a laundry list of potential causes of action without factual allegations specific to each cause of action identified.  It is nearly impossible to determine which causes of action are asserted against which Defendants.  The Court, and presumably Defendants, cannot discern which specific causes of action are being brought against which Defendants.  Accordingly, the Court **GRANTS** Defendant's Motion.

With respect to Plaintiff's Motion, the confusing nature of the Third Amended Prisoner Complaint makes it impossible for the Court to conduct the imminent danger analysis needed to decide the Motion.  Moreover, since the filing of Plaintiff's Motion, Plaintiff has been transferred to a different facility, which may impact the imminent danger analysis.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion, with leave to re-file with the Fourth Amended Prisoner Complaint.  Any renewed motion to proceed pursuant to 28 U.S.C. § 1915 shall address the imminent danger analysis in light of Plaintiff's recent transfer.

Accordingly, the Court Orders as follows:

(1) Defendants' Motion [#85] is **GRANTED**.  On or before **November 28, 2017**, Plaintiff shall file a Fourth Amended Prisoner Complaint that separately sets out each cause of action (*e.g.*, Claim One, Claim Two)—with supporting factual allegations—and identifies against which

Defendant(s) the cause of action is being asserted. Failure to do so may result in dismissal of this action.

(2) Plaintiff's Motion [#84] is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a renewed motion with his Fourth Amended Prisoner Complaint.

DATED: November 8, 2017          BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge