**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-0598-WJM-STV

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

FIRMAN, Sherriff [sic],
MS. OMAILY, Safty [sic] Director,
WHITE, Chief,
MENTZ, Chief,
DR. GAFORD, and
CAROLE RODGER,

    Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION AND
MOTION FOR A RESTRAINING ORDER**

---

Before the Court are Plaintiff Sirrlove William's Motion for Reconsideration (ECF No. 164) and Motion for a Restraining Order (ECF No. 166). Plaintiff is a familiar litigant to this Court, and the Court presumes familiarity with the prior orders in this case.

In the Motion for Reconsideration, Plaintiff states that he lacked access to the law library, stopped receiving legal mail, and was unaware of the dismissal of his case. (ECF No. 164 at 1.) He also claims that he "did not want any parties dismissed from the case," despite filing a motion to voluntarily dismiss certain individuals (ECF No. 134) that was granted by this Court (ECF No. 161 at 2).

In the United States Court of Appeals for the Tenth Circuit, grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new

evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's Motion for Reconsideration fails to meet any of these standards. Instead, it simply states that he was unaware of the Court's Order dismissing the case. (ECF No. 164.) It does not assert that there has been a change in controlling law, reference new evidence that was previously unavailable, or demonstrate a need to correct a clear error or prevent manifest injustice. *See Servants of the Paraclete*, 204 F.3d at 1012. Given Plaintiff's failure to introduce any new facts or law that would impact the Court's analysis of Plaintiff's claims, the Court denies Plaintiff's Motion for Reconsideration.

Plaintiff also asks the Court for a restraining order against Defendants Patrick Firman and Stephanie O'Malley for a "campaign of harassment for years" which allegedly put him in "eminent danger." (ECF No. 166.) In support, he alleges that Chief Olivas told the Colorado Department of Corrections that Plaintiff threw toilet water, hot coffee, and glass on deputies. These allegations are not new; the Motion for a Restraining Order simply repeats the allegations in Plaintiff's complaint, which was dismissed by the Court. (*See* ECF Nos. 159, 161.) Plaintiff also alleges that an unnamed officer attacked him, broke his tooth, and sexually abused him. (ECF No. 166 at 1.)

To the extent that the Motion for a Restraining Order simply echos Plaintiff's prior allegations, the Court construes the motion as further support for Plaintiff's Motion for Reconsideration. The Tenth Circuit has made it abundantly clear that a motion for

reconsideration is not a vehicle for a losing party to revisit issues already addressed. *See Servants of the Paraclete*, 204 F.3d at 1012. Given that Plaintiff simply repeats his underlying claims that have already been adjudicated by the Court with no new facts or law, the Court denies the portion of Plaintiff's Motion for a Restraining Order that rehashes issues already decided by the Court.

Finally, Plaintiff's Motion for a Restraining Order also appears to allege new allegations against an unidentified officer. To the extent that these claims are new, Plaintiff's prior law suit is not the appropriate vehicle for litigation. *See Hicks v. Jones*, 332 Fed. App'x 505, 508 (10th Cir. 2009) (finding that a district court did not abuse its discretion in denying a preliminary injunction or temporary restraining order where plaintiff sought relief on a matter "wholly outside" the issues in his lawsuit). Thus, the Court denies the remainder of the Motion for a Restraining Order that raises new issues against unidentified parties that are unrelated to the underlying claims.

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Reconsideration (ECF No. 164) is DENIED; and
2. Plaintiff's Motion for a Restraining Order (ECF No. 166) is DENIED.

Dated this 23rd day of August, 2018.

BY THE COURT:

William J. Martinez
United States District Judge